**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOEY GARCIA, | 3:11-cv-00083-ECR-VPC |
|     Plaintiff, | |
| vs. | **Order** |
| TOM PRINCE, *et al.*, | |
|     Defendant. | |

On April 11, 2012, the Magistrate Judge filed a Report and Recommendation (#22), recommending that the Court grant Defendants' motion for summary judgment (#15). On April 25, 2012, Plaintiff filed an objection (#23), and on May 2, 2012, Defendants filed a reply (##24, 25).

Plaintiff's remaining claims after screening include Eighth Amendment medical indifference claims against Defendants Martin and Jones. No other defendants or claims remain. On October 4, 2011, Defendants Martin and Jones filed a motion for summary judgment (#15). On October 5, 2011, the Court filed an Order (#19) providing that Plaintiff shall have twenty-one (21) days to oppose the motion for summary judgment (#15). Plaintiff failed to file an opposition, and on November 8, 2011, the Magistrate Judge *sua sponte* granted Plaintiff an extension of time until November 23, 2011 to file an opposition to the motion for summary judgment (#15). Plaintiff did

1 not file an opposition, and on April 11, 2012, after a thorough
2 review of the record, the Magistrate Judge recommended (#22) that
3 Defendants' motion for summary judgment (#15) be granted.
4     In his objections (#23), Plaintiff essentially submits an
5 untimely opposition to the motion for summary judgment (#15).
6 Plaintiff argues that Defendants' evidence in support of the motion
7 for summary judgment (#15) was falsified.  When objections are
8 filed, the court is required to make a de novo review of those
9 portions of the report and recommendation to which objections are
10 made.  28 U.S.C. § 636(b)(1).  While we review the record *de novo* on
11 those issues Plaintiff raises in his objections (#23), we note that
12 Plaintiff failed to file an opposition to the motion for summary
13 judgment (#15), and therefore never provided any contrary evidence.
14     Plaintiff claims in his objections (#23) that the medical
15 records provided by Defendants contain false information regarding
16 the William Bee Ririe Hospital and Plaintiff's refusal of
17 intravenous fluids.  Plaintiff's claim, contained only in his
18 objections (#23) and entirely lacking in any supporting evidence, in
19 insufficient to create a genuine issue of material fact regarding
20 the medical records.
21     Plaintiff's second objection is that Defendants' course of
22 treatment was unacceptable because Defendants lied about his being
23 admitted to the hospital and refusing IV.  Again, Plaintiff provides
24 no supporting evidence that Defendants lied, and in fact, in his
25 motion, states that he did in fact refuse the IV when offered.
26     Finally, Plaintiff claims that a received on date stamped on a
27 medical kite demonstrates that Nurse Jones falsified his medical
28

2

records.  Defendants provided the court with an authenticated copy of the medical kite allegedly falsified.  (Defendants' Exhibits in Support of Mot. Summ. J. Ex. H at 5 (#17-3) (sealed).)  Defendant Jones promptly responded to the kites and ordered tests and an examination for Plaintiff.  (Defendants' Exhibits, Ex. L (#17-5) (sealed).)  The evidence does not support Plaintiff's bare allegation that the kite was falsified or back-dated.  (Ex. H (#17-3) (sealed).)

After our own review of the record *de novo*, we agree with the Magistrate Judge that Plaintiff there is no evidence that Defendants Martin or Jones exercised deliberate indifference towards Plaintiff's medical needs by delaying or withholding necessary medical treatment.

**IT IS, THEREFORE, HEREBY ORDERED** that the Report & Recommendation (#22) is **APPROVED AND ADOPTED**.  Defendants' motion for summary judgment (#15) as to Plaintiff's Eighth Amendment claims against Defendants Martin and Jones is **GRANTED**.  No other claims remain.

The Clerk shall enter judgment accordingly.

DATED: August 31, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

3